*1249 ON MOTION TO DISMISS
COVINGTON, Judge.
Appellee moves to dismiss the appeal on the ground that the judgment appealed related to a preliminary injunction; and, having been filed more than 15 days after the date of the judgment, was not timely filed. We disagree and deny the motion to dismiss.
Plaintiff-appellant filed a “Petition to Annul Matrimonial Agreement, For Damages and Costs Due to Fraud and Malpractice” in the Nineteenth Judicial District Court. In addition to several other requests for relief, plaintiff sought a temporary restraining order and a subsequent preliminary injunction to prevent the alienation or encumbrance of certain property. Defendant-appellee filed a motion to dissolve the temporary restraining order, asserting that the district court lacked jurisdiction which, under LSA-R.S. 13:1401(7), belonged to the Family Court for the Parish of East Baton Rouge, that no irreparable injury was shown and that the order affected property other than community property. The defendant also filed declinatory, dilatory and peremptory exceptions. On June 19, 1981, the trial court signed two judgments. The first judgment maintained defendant’s exception to its jurisdiction and the second judgment maintained the peremptory exception of no cause of action. The plaintiff took a devolutive appeal as to both judgments on August 17, 1981.
This is not an appeal from a judgment relating to preliminary injunction as appel-lee would have this court believe. This is an appeal from judgments maintaining peremptory exceptions to the jurisdiction and of no cause of action. Such appeals need only be perfected within the 60 day period of LSA-C.C.P. art. 2087, not the 15 day period of LSA-C.C.P. art. 3612. The instant appeal was taken timely.
Accordingly, the motion to dismiss the appeal is denied at appellee’s costs; all other costs to await final disposition of the case.
MOTION DENIED.